IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE SCHOBY,

    Plaintiff,                    No. 2:10-cv-0582 JFM P

   vs.

P. PINKERTON,                      ORDER AND

    Defendant.              FINDINGS & RECOMMENDATIONS

                                     /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Pinkerton violated his rights under the Eighth Amendment by failing to provide a medically prescribed low sodium diet following plaintiff's surgery to remove a tumor from his bladder. Plaintiff also raises a pendent state law claim under California Government Code § 845.6. This matter is before the court on defendant's motion for summary judgment.[1]

---

[1] Defendant filed the motion for summary judgment on August 17, 2012. After receiving an extension of time, on October 1, 2012 plaintiff filed an opposition to the motion. On October 19, 2012, defendant filed a reply brief. On November 8, 2012, plaintiff filed another document styled "Plaintiff's Opposition and Reply to Defendant's Motion for Summary Judgment." On November 12, 2012, defendant filed a motion to strike plaintiff's November 8, 2012 filing as an impermissible surreply. On November 27, 2012, plaintiff filed an opposition to defendant's motion to strike. While surreply briefs are not authorized, plaintiff's November 8, 2012 may also be viewed as a supplement to his October 1, 2012 opposition. Defendant's motion to strike will be denied.

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

1 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2 of the suit under the governing law, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248
3 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir.
4 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5 return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433,
6 1436 (9th Cir. 1987).

7       In the endeavor to establish the existence of a factual dispute, the opposing party
8 need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
9 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).

14       In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. <u>See</u> <u>Anderson</u>,
17 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party. See <u>Matsushita</u>, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn. <u>See</u> <u>Richards v. Nielsen</u>
21 <u>Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir.
22 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).
26 /////

On October 18, 2010 and August 24, 2012, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

ANALYSIS

I. Undisputed Facts

At all times relevant to this action plaintiff was a state prisoner in the California Department of Corrections and Rehabilitation (CDCR) housed at California Medical Facility (CMF) in Vacaville, California. (Complaint, filed March 11, 2010, at 3.) At all times relevant to this action defendant Patricia Pinkerton was employed by the CDCR working as a registered dietitian at CMF. (Complaint, at 3; Defendants' Ex. A, Declaration of P. Pinkerton in Support of Motion for Summary Judgment or Summary Adjudication, filed August 17, 2012 (Pinkerton Decl.), at ¶ 7.)

In March 2008, plaintiff underwent bladder surgery to remove a tumor. (Complaint, at 3; Defendants' Ex. C, at 73-74, 185.) On April 11, 2008, the surgeon who performed plaintiff's bladder surgery, Dr. Athanassious, prescribed a low sodium diet for plaintiff. (Ex. 5 to Complaint; Defendants' Ex. C, at 24.) Dr. Athanassious did not identify in the treatment notes any medical need for such a diet, nor did he complete the form required for a special diet order. (Pinkerton Decl. at ¶ 15.) On May 22, 2008, defendant Pinkerton informed plaintiff that he did not meet the criteria for a low sodium diet. (Ex. 5 to Complaint; Pinkerton Decl. at ¶ 19.)[2]

/////

---

[2] In support of her motion for summary judgment, defendant Pinkerton has also presented evidence concerning a low protein diet prescribed for plaintiff by Dr. Athanassious. Plaintiff asserts that this is not relevant to the April 11, 2008 order at issue. See Plaintiff's Opposition to Defendant's Motion for Summary Judgment, filed October 1, 2012, at 8. For that reason, this court finds that plaintiff's claims against defendant Pinkerton arise solely from the failure to provide a low sodium diet.

At all times relevant to this action, plaintiff received a "heart healthy diet from a standardized master menu as provided for in the Inmate Medical Services Policies and Procedures, Chapter 20, Outpatient Therapeutic Diets." (Pinkerton Decl. at ¶ 10.) The heart healthy diet "is low in fat, salt, and cholesterol." (Id. at ¶ 11.) CMF does not have a "standardized low sodium diet available; rather patients requiring such a diet are simply educated about the low sodium options available to them from the standard heart health diet." (Id. at ¶ 13.)

On May 9, 2008, plaintiff was advised by a physician in the clinic at CMF that a heart healthy diet was alright for him as long as he ate moderately, and he was referred to defendant Pinkerton for education. (Pinkerton Decl. at ¶ 17.) The physician noted in plaintiff's medical record that no special diet was indicated. (Id.) On May 22, 2008, defendant Pinkerton met with plaintiff. (Id. at ¶ 19.) Defendant Pinkerton also determined that plaintiff did not require a special diet. (Id.) She "educated and advised [plaintiff] to attend weight loss classes and educated him about food options relating to hypertension." (Id.)

II. Legal Standards

   A. Eighth Amendment

In order to prevail on his Eighth Amendment claim, plaintiff must prove that he had a "serious medical need" and that defendants acted with "deliberate indifference" to that need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle, 429 U.S. at 104, 97 S.Ct. 285). Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 825, 837 (1994). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when

1   they deny, delay, or intentionally interfere with medical treatment." Hallett v. Morgan, 296 F.3d
2   732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).
3         Mere negligence is insufficient for Eighth Amendment liability. Frost v. Agnos,
4   152 F.3d 1124, 1128 (9th Cir. 1998). In addition, "[a] difference of opinion between a physician
5   and the prisoner – or between medical professionals – concerning what medical care is
6   appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987
7   (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).
8         B. California Government Code § 845.6
9         Section 845.6 of the California Government Code provides, in relevant part, that
10  "a public entity ... is liable if [its] employee knows or has reason to know that [a] prisoner is in
11  need of immediate medical care and [the employee] fails to take reasonable action to summon
12  such medical care." Cal.Gov't Code § 845.6 (West 1995). However, "the failure to summon
13  medical care is not the same as the failure to provide adequate care" under § 845.6. Watson v.
14  State of California, 21 Cal.App.4th 836, 845 (Cal.App. 2 Dist. 1993).
15  III. Application
16        Defendant Pinkerton seeks summary judgment on the grounds that there are no
17  facts to support a finding that plaintiff had a sufficiently serious medical need, or that she acted
18  with deliberate indifference toward any such need. Defendant Pinkerton also contends, in the
19  alternative, that she is entitled to qualified immunity.
20        The undisputed facts show that, at most, plaintiff's Eighth Amendment claim
21  arises from a difference of medical opinion concerning the diet plaintiff required post-
22  operatively. As noted above, a difference of medical opinion concerning the proper course of
23  care does not constitute the deliberate indifference required for an Eighth Amendment violation.
24  See Snow, 681 F.3d at 987. For that reason, defendant Pinkerton is entitled to summary
25  judgment on plaintiff's Eighth Amendment claim.
26  /////

1         Defendant Pinkerton has not sought summary judgment on plaintiff's state law claim. However, section 1367 of title 28 of the United States Code provides that a district court may decline to exercise supplemental jurisdiction over a state law claim where all federal claims are dismissed. See 28 U.S.C. § 1367(c). Since defendant Pinkerton is entitled to summary judgment on plaintiff's Eighth Amendment claim, this court will recommend that the district court decline to exercise supplemental jurisdiction over plaintiff's state law claim and that said claim be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. The Clerk of the Court is directed to assign this action to a United States District Judge;

        2. Defendant's November 12, 2012 motion to strike is denied; and

        IT IS HEREBY RECOMMENDED that:

        1. Defendant's August 17, 2012 motion for summary judgment be granted;

        2. The district court decline to exercise supplemental jurisdiction over plaintiff's state law claim;

        3. Judgment be entered for defendant on plaintiff's Eighth Amendment claim; and

        4. Plaintiff's state law claim be dismissed without prejudice.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////

/////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: December 11, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
scho0582.57